NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016*
Decided June 2, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1245

| | |
|---|---|
| CHIQUITA NEWELL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12-cv-07185 |
| ALDEN VILLAGE HEALTH FACILITY FOR CHILDREN AND YOUNG ADULTS, | Charles P. Kocoras, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Chiquita Newell, a former employee of a long-term care facility, appeals the district court's grant of summary judgment against her in this suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, as well as the court's denial of her post-judgment motion to set aside that decision. The district court dismissed most of her claims at the pleading stage and later granted summary judgment for the defendant

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

on her remaining claims that it failed to reasonably accommodate her disability and that it terminated her because of the disability. We affirm.

Newell worked at Alden Village, a care facility for developmentally disabled children and young adults, as a habilitation specialist assisting residents with personal hygiene and activities of daily living. When she started in 2003, she signed a job description stating that the work "requires physical exertion more than half of the time with moderate to heavy physical effort commonly required . . . including handling or lifting residents."

Over a 10-month period in 2010 and 2011, Newell twice injured her wrist on the job while handling aggressive residents. After the second injury, Newell's doctor submitted a work-restriction order instructing that her contact with residents be eliminated. To accommodate Newell, Alden Village assigned her to laundry duty. She worked in the facility's laundry department from March 2011 until October 2011, when a dispute over her absence from work led to her briefly being fired and then reinstated with back pay as an employee on light-duty status.

Upon returning to work in December 2011, Newell was assigned not to laundry duties but to cleaning and organizing tasks and was asked to resume assisting residents. She objected, pointing out that her work restriction was still in place and prohibited such a reassignment, but was told that there was no work available that did not involve some form of interaction with residents. Newell proposed working only with nonaggressive residents, but such an assignment still would violate the prohibition on resident contact, so the facility administrator told her to see her doctor about modifying the restriction. The doctor refused, and Newell was told not to return to work if she could not interact with residents (though at this time she was not formally terminated).

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Newell filed a complaint under the ADA. In this complaint (which she later amended), Newell alleged that Alden Village (1) wrongfully fired her; (2) failed to promote her; (3) failed to reasonably accommodate her disability; (4) failed to stop harassment; (5) retaliated against her; and (6) fired her in retaliation under Illinois common law. The charge of discrimination on which the complaint was based alleged only that (1) Alden Village discriminated against her based on her disability and that (2) it failed to reasonably accommodate her. She attached to her amended complaint a letter from the EEOC, dated more than a year after the intake interview, acknowledging a clerical error on her initial charge-of-discrimination form: based on her intake

questionnaire, the EEOC should have checked "discrimination based on retaliation" as well.

Two months later, the court dismissed all but two of Newell's claims in her amended complaint—an ADA discriminatory-termination claim and an ADA failure-to-accommodate claim. The claims of a hostile work environment and failure to promote, the court explained, had not been mentioned during the intake meeting with the EEOC and had not been included in the administrative charge of discrimination. As for the EEOC's clerical error in omitting the retaliation charge, the court stated that Newell had signed the charge form despite the error and made no effort to amend the charge to include a retaliation charge during the 300-day period allotted to her to file a charge based on the alleged incident of retaliation.

Alden Village later moved for summary judgment on the two remaining claims. Newell twice was granted extensions to respond before asking the court to "stay summary judgment proceedings" and reconsider its order dismissing most of her claims and its denial of her request to amend her complaint a second time. At the next hearing, the court told Newell that it would address only Alden Village's motion for summary judgment and denied the motion to reconsider without addressing its merits.

The district court eventually granted Alden Village's motion for summary judgment. The court determined that Newell could not establish the first prong of her prima facie case for either disparate treatment or a failure to accommodate under the ADA because she was not a "qualified person" under the ADA (in other words, she had not shown that she could perform her position's essential functions, which included lifting and other physical contact with residents, with or without reasonable accommodation). And even if she were a qualified individual, she could not show that Alden Village failed to accommodate her because the accommodation Newell proposed—limiting her work to nonaggressive residents—would still violate the terms of her medical restriction prohibiting contact with residents and would require her to have a helper for physical tasks.

Newell moved for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that the court had overlooked her argument that she was a qualified individual. The essential functions of the habilitation specialist position, she maintained, did not include lifting and handling residents. Some residents do not need to be lifted or handled, she said, because they are sufficiently high-functioning to understand and obey voice commands. The district court held a hearing on the motion, but denied

reconsideration, explaining that in its original decision it had thoroughly considered the habilitation specialist's job description and duties.

On appeal Newell challenges the district court's summary denial of her first motion to reconsider. But the court's denial was not summary. At a hearing on the motion, Judge Kocoras explained that he would not suspend ruling on the motion for summary judgment in order to reconsider his previous orders because he had already given Newell two extensions of time to respond. This ruling was within the court's discretion, especially given the court's obligation to control and manage its docket, *see Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004), and its "authority to establish deadlines and . . . discretion to enforce them" under Federal Rule of Civil Procedure 6(b), *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006).

Newell similarly argues that the court did not adequately explain its denial of her motion to reconsider its grant of summary judgment. But the court held a hearing on the motion and explained its reasoning on the record. Newell, the court noted, did not mention anything that had been overlooked. The court stated that it already had rejected the argument, reiterated in her motion, that she could have been reasonably accommodated had she been assigned to only high-functioning, nonaggressive residents. There was no abuse of discretion here because "a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

To the extent that Newell challenges the merits of the summary judgment ruling, she takes issue with the district court's conclusion that a reasonable jury could not find that she is a "qualified individual" under the ADA. *See EEOC v. AutoZone, Inc.*, 809 F.3d 916, 919 (7th Cir. 2016); *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380 (7th Cir. 2005). But the district court correctly concluded that she was not a "qualified individual" for purposes of the ADA because she could not "perform the essential functions of the employment position." 42 U.S.C. § 12111(8). Newell cannot lift or handle residents, and these are tasks specified in Alden Village's written job description, which is considered evidence of the job's essential functions under the ADA, *see id.*; *Feldman*, 692 F.3d at 755. Nor would Newell's proposed accommodation—working only with high-functioning, nonaggressive residents—be reasonable. That proposal would still violate her doctor's restrictions (prohibiting *any* interaction or contact with residents), and an employer is not obligated to reassign an employee to a permanent light-duty position. *See Gratzl v. Office of Chief Judges of 12th, 18th, 19th & 22nd Judicial Circuits*, 601 F.3d 674, 680 (7th Cir. 2010).

AFFIRMED.